BRIAN F. ROGERS
24661 Amador Street, Apt. 21A
Hayward, CA. 94544
Telephone: (510) 783-1673
EMAIL: brog702@gmail.com

FILED
JUN 30 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES FEDERAL COURT

FOR THE DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| BRIAN F. ROGERS,<br>  Plaintiff,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL, INC.,<br><br>ACCOUNTEMPS, Defendant(s). | Case No.: CV 17 3777<br><br>EMPLOYMENT DISCRIMINATION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Comes Now, Plaintiff, Brian F. Rogers, and files his Complaint against the above-named Defendants on the following grounds:

## INTRODUCTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

1FILE DATE: 06/5/2017 | Rogers vs. Robert Half International, Inc. | U.S. District Court - Northern District

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. § 1367, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 1345.

5. This Court has original jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

6. This action arises under the Fourteenth Amendments to the U.S. Constitution of the United States; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; and 42 U.S.C. § 1988(b).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiff's federal claims, and independent original jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 because this action in controversy exceeds the sum of $75,000, exclusive of interests and costs.

8. Venue is proper in the District of Northern California, pursuant to 28 U.S.C. § 1391(b). The Defendants are located in California, and all events, actions, or omissions giving rise to these claims occurred in California.

## PARTIES

1. Plaintiff is informed and believes, and on thereon alleges, that Defendant Robert Half International, Inc. ("RHI"), is a corporation doing business at 50 California Street, Suite 50, in San Francisco County, California and at all times mentioned herein has been, a permanent and temporary employment agency organized and existing under the laws of the State of California. RHI operates through various divisions which is dependent on a candidates education, experience, and skill, which includes the Accountemps division for accounting and finance personnel to local and national employers. RHI communicates that it accepts applications from

all candidates regardless of their education, experience, and skill level. As a result, RHI attempts to place candidates on different employment assignments to build their experience and skill level in these types of occupations.

2.  Plaintiff is informed and believes, and thereon alleges, that RHI's agent, Doran Ingalls ("Ingalls") is a citizen of the State of California and maintains his residence in the Greater Bay Area. Defendant's agent Ingalls has the power to make personnel decisions with respect to submitting candidates for open temporary, contract, and permanent employment positions. Defendant's agent Ingalls is, and at all times herein mention was, a staffing executive employed with and acting within the course and scope of his employment with Defendant RHI.

3.  Plaintiff is informed and believes, and thereon alleges, that RHI's Defendant's agent, Sean Pacheco ("Pacheco") is a citizen of the State of California and maintains his residence in the Greater Bay Area. Defendant's agent, Pacheco is the branch manager at RHI/Accountemps in the San Francisco office and oversees the RHI/Accountemps operations. Defendant Pacheco is, and at all times herein mention was, a branch manager employed with and acting within the course and scope of his employment with Defendant RHI.

Plaintiff is further informed and believes, and thereon alleges, that each Defendant named herein, inclusive, was at all times relevant to this action, the agent, employee, or joint venture, of the remaining defendants and was acting within the scope of that relationship.

3FILE DATE: 06/5/2017 | Rogers vs. Robert Half International, Inc. | U.S. District Court - Northern District

3

## NATURE OF THIS ACTION

4.  Plaintiff is an African–American male and graduated from San Jose State University with a Bachelors of Science degree in Finance and a minor degree in economics. Following his undergraduate education, Plaintiff worked on a number of temporary employment assignments with both Accountemps, a division of Robert Half International ("RHI") and other local employers in the past.

5.  Robert Half International, Inc. is a permanent and temporary employment agency. RHI works with local employers referred to as clients, to help recruit candidates for temporary, contract, and permanent employment assignments through its Accountemps division. RHI is considered the largest public temporary/permanent employment agency in the United States. RHI has specialized divisions encompassing Accounting/Finance (Accountemps), legal, creative, technical divisions among others. In general, employers outsource the recruitment of personnel to RHI which performs screening, evaluations, testing, payroll processing, consulting, among other functions.

6.  On or around November 15, 2015, Plaintiff Rogers submitted a resume to RHI's San Francisco office for a number of different open positions they had listed on several job recruitment websites, primarily Career Builder (www.careerbuilder.com), which lists open positions for various types of jobs. On November 20, 2015, Plaintiff Rogers received a telephone call from Ingalls who stated on the telephone. "Your well qualified for several open positions at Robert Half here in San Francisco. In particular, I have contract positions from one of my clients that's reorganizing and needs staff to transition their operation". Afterwards, he stated over the telephone, "Do you have Skype ?". Plaintiff Rogers respond, "No". Ingalls then replied" Can you come up to our offices in San Francisco for an interview. Plaintiff replied, "Yes". Ingalls then

4FILE DATE: 06/5/2017 | Rogers vs. Robert Half International, Inc. | U.S. District Court – Northern District

4

replied, "Can you arrive to our offices on Monday, November 19th at 10:00am. Plaintiff Rogers, responded, "I will arrive to your offices at 10:00am on Monday. Ingalls, then replied " I will send you directions and instructions on how to arrive through an e-mail".

7. Plaintiff arrived to Defendant RHI's office on November 23rd at 10:00am and checked-in with the receptionist. Plaintiff patiently waited a few minutes and met with Ingalls in a small conference room in the front of the office.

8. At this time, Ingalls informed Plaintiff that he had at least several open positions from one of his local clients.

9. During the meeting, Plaintiff informed Ingalls that Plaintiff had worked at his own company performing much of the same accounting and finance duties and tasks for the jobs at Robert Half International. Furthermore, Plaintiff informed Ingalls by the resume that Plaintiff has numerous experience working at other companies. Ingalls replied " The only thing that's relevant on your resume is the past seven years". However, Ingalls did not communicate this information to Plaintiff on the telephone.

10. After Plaintiff explained his experience over the past seven years or so, Ingalls attempted to convince Plaintiff Rogers to seek employment with someone other than Robert Half by stating. "I'm sorry we cannot help you." " Why don't to try to find a position through Indeed.com". Plaintiff replied " I have attempted to seek employment online through a few different web sites.

11. Ingalls further stated " Your experience and qualifications is more suitable to a Full Charge bookkeeper position". A full charge bookeeper position is a much lower quality/ lower pay scale position in the Accounting/Finance profession relative to the Plaintiff's experience, skills, and education. In fact, you do not need to have a college degree to be a bookkeeper. The reason he

made this "off the cuff" comment is because the Plaintiff is African American and he wishes to reserve the better positions for his white candidates. In furtherance and support of such a claim, Ingalls has still failed to notify Plaintiff verbally or in writing of any open positions through Robert Half Corporation/Accountemps division as of June 5, 2017. Under information and belief, Robert Half International has developed a policy of preventing and refusing to submit African American's to job assignments at their San Francisco office. However, it's believed that such racially discriminating practices are occurring at other local Bay area RHI/Accountemps offices and throughout the state and country.

12. In furtherance and support of this claim, Plaintiff has the prerequisite qualifications in terms of experience, skills, and education for most open positions at RHI. In fact, most jobs in the RHI database are positions that Plaintiff Rogers has experience, skills, and education that actually supercede the requisite knowledge, experience, education, and skills for the positions. Plaintiff Rogers has over 20 years of experience in various diverse accounting and finance positions. Ingalls claimed that Plaintiff has no experience, education, or qualifications for any open positions at RHI.

13. Plaintiff further alleges that Defendant RHI has a policy and practice of discriminating against African American candidates for temporary, contract, and permanent positions.

14. In support of this claim, Defendant RHI and Ingalls have refused to contact Plaintiff Rogers since the meeting on November 23, 2015.

15. Since the day of the meeting with Ingalls and RHI, have failed to contact Plaintiff for any open positions with RHI even though Plaintiff Rogers is fully registered with RHI and there's new contract, temporary, and permanent positions that are submitted from their clients to RHI/Accountemps every week. In addition, RHI continues to send many automated e-mails for positions which Plaintiff alleges really do not exist which is just a way to make it look like there's a lot of jobs day to get the hopes of the candidate high.

6FILE DATE: 06/5/2017 | Rogers vs. Robert Half International, Inc. | U.S. District Court - Northern District

6

16. Ingalls and RHI, are essentially inferring that Plaintiff Rogers should be compensated for less compensation simply because he is African American. This is inferred from such statements as " your qualifications are more suitable for a full charge bookeeeper" stated above. This type of position has far less compensation than a college degree position in accounting or finance occupation.

17. Plaintiff Rogers was more qualified for many temporary, contract, and permanent open positions than many of the candidates that were placed at local employers by RHI since November 23, 2015.

18. Ingalls requested Plaintiff Rogers to take several skills tests. But Plaintiff Rogers has already taken these same or similar tests with Accountemps in the past and saw no reason to repetitively complete the same tests over and over again. Plaintiff communicated this information Ingalls. But Ingalls ignored this information and proclaimed in an e-mail to Defendant Rogers that he did not have the information on file. However, Defendant investigated this claim through Bonnie Glatzer at Nixon Peabody LLC and discovered that defendant did work for RHI in prior years.

19. RHI, Ingalls, and Pacheco discriminates against Plaintiff and other similarly situated racial minorities by denying consideration for employment and failing to submit qualified racial minorities, specifically African Americans, for temporary, contract, and permanent employment at their employment agency to their local employer clients.

20. Defendant's agent, Ingalls, required Plaintiff Rogers to complete an entirely new resume for no apparent reason even though the resume he submitted to RHI had been submitted only four days earlier. This request only occurred after the meeting with Defendant RHI. This request by Defendant's agent was designed to irritate, frustrate, and humiliate Plaintiff Rogers.

21. Defendant RHI has allowed other non-minority (Caucasian job candidates) to apply for job positions and openings at RHI who are far less qualified for different positions than Plaintiff Rogers. Rogers was essentially either as qualified or more qualified based on experience, education, and skills than many other non-minority (or Caucasian) job candidates who professed far less education and experience than Plaintiff Rogers.

22. Plaintiff also discovered that Defendant's agent, Ingalls, should never had been hired by Robert Half International ("RHI") because he lacked the prerequisite requirements for a staffing executive position. RHI requires staffing executives to have a minimum of five years of experience. Ingalls had only two ("2") years of experience as a staffing manager and should not have been hired by RHI for this position. Plaintiff believes Ingalls was only hired by RHI because he met the "racial physical characteristics" of a staffing executive position which was not based on merit.

23. Upon information and belief, Defendant's agent, Ingalls, employment was terminated from his position as a staffing executive with RHI for cause related to race discrimination conflicts with candidates.

24. Robert Half International uses secret codes and code words to describe or identify candidates to purge from their list of potential hires to exclude certain races of non-whites for accounting and finance positions. In particular, this includes subjective codes in their computer system and special code words to specifically identify minority candidates, particularly blacks and Latinos to bar them from employment with RHI and their clients. Upon further investigation, Plaintiff discovered confidential internal documents which specifically showed this racist activity and

behavior practiced at RHI. Plaintiff further believes such racist conduct and actions is pervasive through the entire RHI organization.

25. Robert Half's International's secret "racial" codes are discriminatory and highly subjective and have no basis in determining whether a potential candidate is qualified or suitable for employment. This includes RHI's secret coding system called "AIP" (Attitude, Intellect, and Placeability) which is a highly subjective internal system based on the personal whims of a staffing executive about the personal physical characteristics of a candidate. This coding system has no basis whatsoever in determining the qualifications or suitability of a job candidate. This is exactly why these documents are stamped "confidential" by the Defendant.)

26. RHI has a hidden internal policy of refusing to hire African Americans for accounting and finance positions even when they have met or exceeded the minimum education, experience, and skills for positions.

27. Plaintiff Rogers had worked for Robert Half International several years ago and was pre-registered with RHI from past employment with the Defendant. Further, Defendant continued to keep these records on file when Plaintiff worked in the past.

28. Defendant's reasoning for not accepting Plaintiff application and submitting Plaintiff for job assignments is vague, ambiguous, subjective, inconsistent and provides conflicting reasons which are not legitimate. Defendant proclaims Plaintiff was not qualified for any type of open position. However, Plaintiff had worked for RHI in past years with the same positions he had sought from Defendant.

29. Defendant proclaims Plaintiff did not provide references, did not have the educational background, and lacked experience for the positions. Plaintiff's references, educational background, skills, and experience were already on file at the defendant's place of business and were used to send Plaintiff on different job assignments in the past.

30. Defendant's Agent, Ingalls claims that Rogers was not qualified for any position despite 22 years of experience in accounting and finance occupations and actually worked for RHI in the past. Ingall's perception of Rogers resume was racially biased and based on mere speculation and not factual. Ingall's also indicated that he did not believe Plaintiff Rogers resume.

31. Plaintiff was considered an existing, pre-registered employee of Robert Half International and NOT a new, non-registered employee of RHI. An unregistered candidate who is registering with RHI for the first time must provide employment references, take skills tests by RHI, conduct an educational background check, and perhaps a criminal background check.

32. Robert Half International is an intermediary between an employment candidate and an employer. RHI is involved in submitting candidates either to different positions or through sending candidates to employers for positions. In this case, they did not even consider plaintiff for different positions even before he was even submitted to their employer client.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violation of the Right to Equal Protection in Violation of the Fourteenth Amendment of the United States Constitution**
**(Race Discrimination in Violation of 42 U.S.C. § 1983)**

33. Plaintiff incorporates by reference allegations in paragraphs 1-39 of this Complaint as if fully set forth herein.

34. As set forth below, RHI have regularly discriminated against African American job candidates with respect to candidates seeking employment through their employment agency, work assignments and generally to the local employment market. RHI staff who are disproportionately white, claim jobs do not exist when African Americans apply or interview for positions at their agency in person at Defendant's San Francisco office. Further, Caucasian staff at RHI attempted to "steer" Plaintiff to seek other employment resources rather than through their agency. This practice has significantly and adversely impacted the job success, career, and income of Plaintiff.

35. Plaintiff was denied employment in favor of less qualified Caucasian job candidates which creates a form of "second class" citizen status towards Plaintiff as though Plaintiff is somehow inferior to Caucasian candidates. Defendant and Defendant's agent, Doran Ingalls, would not allow Plaintiff to apply for any open temporary, contract, or permanent positions with RHI.

36. Defendants discriminatory policies and practices, both written and unwritten, subject Plaintiff to ongoing disparate impact and disparate treatment based on race and color. Moreover, this pattern and practice of discrimination has been furthered by subjective decision-making by a predominantly Caucasian management structure both at corporate levels and branch levels.

37. Absent compensatory and injunctive relief, RHI will continue their unlawful practices to the detriment of Plaintiff and other similarly situated racial minorities .

38. The denial of employment, the denial of work, and the denial of a source of income to Plaintiff, the exclusion of the Plaintiff and other racial minorities from career-oriented, livable wage employment based on race and color violates Section 1981, Title VII.

39. RHI subjectively evaluates employment applicants of African Americans relative to Caucasian applicants. Defendant RHI's agent, Doran Ingalls fails to rely on objective criteria and uses racial stereotyping and extreme generalities of evaluating African American job applicants. RHI, fails to record evaluations of job applicants and bans minorities on employment decision-making bodies. RHI's agent, Doran Ingalls, did not consider Plaintiff because of his race and color. Apparently, Defendant RHI attempted to cover up this reason by stating the Plaintiff was not qualified.

40. Defendants executive staff has exclusively non-minority representation. Further, Defendants also excludes blacks and other racial minorities from decision-making roles such as staffing executives, regional vice-presidents, and other decision-making roles which causes further exclusion of minorities from seeking jobs and other career-oriented roles temporary, permanent, and contract positions as these positions only are used to select primarily Caucasian applicants over African Americans.

41. As a direct, foreseeable, and proximate result of RHI, Ingalls, and Pacheco's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in compensation and other employment benefits, and has incurred other economic losses including but not limited to loss of wages, benefits, and career development.

42. RHI, Ingalls, and Pacheco committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights to be free from discrimination in employment on the basis of race and color. Plaintiff is thus entitled to recover punitive damages from RHI in an amount according to proof.

43. Defendant continues to fabricate ignorant and subjective excuses and reasons for not accepting Plaintiff's application or sending Plaintiff on different assignments while masquerading the real reason which was he result of Plaintiff race and color.

44. Defendant cannot provide a legitimate non-discriminatory reason for its actions. All assertions given by Defendant are negated by the factual information already in the Defendants employee profile of plaintiff.

**III. Equal Employment Opportunity Commission.**

Based on the information, each element together of Plaintiffs' action is a violation of the 1964 Civil Rights Act of 1964. Robert Half International, Inc. based their decision not to hire Plaintiff on subjective information that ultimately meant his race and color. Plaintiff filed charges with the Federal Equal Employment Opportunity Commission regarding Defendant's alleged discriminatory conduct on or about **February 26, 2016**. The Equal Employment Opportunity Commission issued a Notice-of-Rights-to-Sue letter that was received by Plaintiff on or about **April 21, 2017** attached as EXHIBIT A. Plaintiff hereby demands a jury for all claims for which a jury is permitted.

## IV. Monetary Damages

Plaintiff seeks monetary damages of $767,000 dollars to settle all claims of back pay and front pay, punitive damages, other damages, and injunctive relief, as the court may deem necessary.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees (if any).

Dated: June 5, 2017

By: *[signature: B. Rogers]*

Brian F. Rogers, Plaintiff

# Exhibit A

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brian F. Rogers<br>24661 Amador Street, Apt. 21<br>Hayward, CA 94545 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2016-00353 | Jeffrey S. Jones,<br>Investigator | (314) 539-7935 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

APR 19 2017

James R. Neely, Jr.,
Director

(Date Mailed)

Enclosures(s)

cc:   **Aldridge Jonathan**
**Corporate Counsel**
**ROBERT HALF CORPORATION**
2884 Sand Hill Road
Menlo Park, CA 94025

**Bonnie Glatzer**
**Nixon Peabody LLP**
**One Embarcadero Center**
**Suite 1800**
San Francisco, CA 94111

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>550-2016-00353 |
|---|---|---|

**California Department Of Fair Employment & Housing** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Brian Rogers** | Home Phone (Incl. Area Code)<br>**(510) 783-1673** | Date of Birth |
|---|---|---|

Street Address — City, State and ZIP Code
**24661 Amador Street, Apartment 21, Hayward, CA 94545**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**ROBERT HALF CORPORATION** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(415) 434-1900** |
|---|---|---|

Street Address — City, State and ZIP Code
**50 California Street, 10th Floor, San Francisco, CA 94111**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **11-23-2015**
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
**See Attached**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 2/18/16 — Charging Party Signature: *Brian Rogers*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)