1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

BRIAN F. ROGERS,

8

Plaintiff,

9

v.

10

ROBERT HALF INTERNATIONAL, INC., et al.,

11

Defendants.

12

Case No. 17-cv-3777-PJH

**ORDER DENYING MOTION TO DISMISS, AND GRANTING MOTION TO STAY**

13
14

Defendant's motion for an order dismissing the complaint in the above-entitled

15

case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and

16

alternative motion to stay the case, came on for hearing before this court on October 25,

17

2017. Plaintiff Brian F. Rogers appeared in propria persona, and defendant Robert Half

18

International ("RHI") appeared by its counsel Traci Bernard-Marks. Having read the

19

parties' papers and carefully considered their arguments and the relevant legal authority,

20

the court hereby DENIES the motion to dismiss and GRANTS the motion to stay, as

21

follows and for the reasons stated at the hearing.

22

**BACKGROUND**

23

RHI is a temporary employment agency that specializes in placing employees in

24

accounting and related positions. Plaintiff alleges that in November 2015, he applied for

25

a job with RHI, went in for an interview, but was not hired.

26

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

27

Commission ("EEOC") concurrently with the California Department of Fair Employment

28

and Housing ("DFEH"), and on February 26, 2016, DFEH issued a Right-to-Sue notice.

1   See Def's RJN, Exh. 1, ¶ 23.  On May 6, 2016, plaintiff filed a complaint in the Superior

2   Court of California, County of San Francisco, against RHI and Accountemps, a division of

3   RHI (S.F. Sup. Ct.  Case No. CGC 16-551854).  See id.

4        Plaintiff filed a first amended complaint ("FAC") on September 8, 2016, and filed a

5   second amended complaint ("SAC") on September 9, 2016.  See id., Exhs. 2 & 3.  The

6   SAC asserted four causes of action – claims under FEHA for discrimination based on

7   race and age, and for failure to take reasonable steps to prevent discrimination, and a

8   state-law claim of discrimination in violation of public policy.  Id., Exh. 3 ¶¶ 24-44.

9        The parties conducted discovery, including depositions, and engaged in motion

10  practice.  On January 31, 2017, RHI moved for summary judgment, arguing that plaintiff

11  could not establish a prima facie case of discrimination because he had no evidence

12  showing he was qualified for the position he sought, and because RHI had a legitimate,

13  non-discriminatory reason for not hiring him.  The court granted the motion on April 21,

14  2017, finding no evidence of animus based on race or age.  See Def's RJN, Exh. 5.  The

15  court found that plaintiff's "failure to provide[ ] requested references and an updated

16  resume is the reason why RHI did not consider [plaintiff] for a position."  Id.

17       On May 11, 2017, before entry of judgment, plaintiff appealed the state court's

18  decision to the California Court of Appeal, First District.  (Cal. App. 1 Dist., Case No.

19  A151655).  See Def's RJN Exh. 8.  A May 17, 2017, entry on the Superior Court's docket

20  states that the case was ordered removed from the Master Court Calendar and assigned

21  to the Case Management Department, with a case management conference set for

22  August 16, 2017, "for judgment after order granting [RHI's] motion for summary

23  judgment[.]"  On July 31, 2017, the court continued the case management conference to

24  December 2017, for status of notice of appeal.

25       Meanwhile on April 19, 2017, the EEOC issued a Right-to-Sue notice, stating that

26  "[b]ased upon its investigation, [it] was unable to conclude that the information obtained

27  establishes violations of the statutes."  Pltf's RJN, Exh. 5.  Plaintiff filed the complaint in

28  the present action on June 30, 2017, asserting a single cause of action under 42 U.S.C.

1  § 1983, for racial discrimination in violation of the Fourteenth Amendment to the United

2  States Constitution.

3  The present complaint repeats almost verbatim the factual allegations in the state

4  court SAC.  The primary difference between the two is that the present complaint asserts

5  a claim under § 1983 (although the "Introduction" states that the action "is brought

6  pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination[,]" while

7  the state court SAC asserted only state-law claims.

8  **DISCUSSION**

9  A.  Legal Standards

10  1.  Motions to Dismiss for Failure to State a Claim

11  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

12  alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A

13  complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable

14  legal theory, or has not alleged sufficient facts to support a cognizable legal theory.

15  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as

16  true all the factual allegations in the complaint, legally conclusory statements, not

17  supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556

18  U.S. 662, 678-79 (2009); see also In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055

19  (9th Cir. 2008).

20  The complaint must proffer sufficient facts to state a claim for relief that is plausible

21  on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and

22  quotations omitted).  A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable

24  for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-

25  pleaded facts do not permit the court to infer more than the mere possibility of

26  misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

27  entitled to relief.'"  Id. at 679.

28  Review is generally limited to the contents of the complaint, although the court can

3

1   also consider a document on which the complaint relies if the document is central to the

2   claims asserted in the complaint, and no party questions the authenticity of the

3   document.  See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).  The court may

4   consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393

5   F.3d 1068, 1076 (9th Cir. 2005), and may also consider exhibits attached to the

6   complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542,

7   1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint or that

8   form the basis of a the plaintiff's claims, see No. 84 Emp'r-Teamster Jt. Counsel Pension

9   Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

10          Finally, while res judicata and collateral estoppel are affirmative defenses, it is

11  appropriate for a defendant to assert those defenses in a Rule 12(b)(6) motion, when

12  they raise no disputed issues of fact.  See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th

13  Cir.1984) (affirming the district court's dismissal of complaint pursuant to Rule 12(b)(6) on

14  res judicata grounds); see also Goldberg v. Cameron, 694 Fed. Appx. 564, 565-66 (9th

15  Cir. 2017); Asarco, LLC v. Union Pac. R.R. Co.,765 F.3d 999, 1004 (9th Cir. 2014).

16          2.      Motions to Stay

17          A court has broad discretion to stay proceedings pursuant to its inherent authority.

18  "[T]he power to stay proceedings is incidental to the power inherent in every court to

19  control the disposition of the causes on its docket with economy of time and effort for

20  itself, for counsel, and for litigant."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see

21  also Leyva v. Certified Grocers of Cal., 593 F.2d 857, 863–64 (9th Cir. 1979).  "The

22  proponent of a stay bears the burden of establishing its need."  Clinton v. Jones, 520 U.S.

23  681, 708 (1997).

24          In determining whether to stay proceedings, the court should weigh the competing

25  interests that will be affected by a stay, including the possible hardships and damage that

26  will result to parties from granting a stay or forcing parties to go forward, and "the orderly

27  course of justice measured in terms of the simplifying or complicating of issues, proof,

28  and questions of law which could be expected to result from a stay."  CMAX, Inc. v. Hall,

4

1   300 F.2d 265, 268 (9th Cir. 1962), quoted in Lockyer v. Mirant Corp., 398 F.3d 1098,

2   1110 (9th Cir. 2005).  Judicial economy, standing alone, is generally not a sufficient

3   reason to stay proceedings.  Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498

4   F.3d 1059, 1066 (9th Cir. 2007) (citing Mirant, 398 F.3d at 1112).

5   B.      Defendant's Motion

6       RHI seeks an order dismissing the case on the basis that the action is barred by

7   collateral estoppel.  Alternatively, RHI asserts that the court should stay the case to allow

8   the state court appeal to go forward, arguing that even if this court concludes that

9   collateral estoppel does not apply, res judicata will bar the action once the state court

10  appeal is complete.

11      State court judgments are entitled to "full faith and credit" in federal court.  See 28

12  U.S.C. § 1738.  Full faith and credit "requires that federal courts give the state court's

13  resolution of the res judicata issue the same preclusive effect that it would have had in

14  another court of the same state."  Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518,

15  525 (1986); In re Marciano, 708 F.3d 1123, 1133 (9th Cir. 2013).  This doctrine applies to

16  issue preclusion (collateral estoppel) and claim preclusion (res judicata).  Matsushita

17  Elec. Indus. Co. v. Epstein, 516 U.S. 367, 374 (1996); Dodd v. Hood River Cnty., 136

18  F.3d 1219,1225 (9th Cir. 1998).  Whether a prior state court judgment precludes litigation

19  of claims or defenses raised in a later federal action is determined by reference to state

20  law.  Matsushita, 516 U.S. at 374.

21      In California, "res judicata" is used generally to refer to both claim preclusion and

22  issue preclusion.  See DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015) (the

23  doctrine of res judicata has two aspects – claim preclusion and issue preclusion).

24  However, "[i]t is important to distinguish these two types of preclusion because they have

25  different requirements" and effects.  Id. at 823-24.

26      RHI argues that this case is barred by collateral estoppel because the issue of

27  discrimination was finally decided in the state court proceeding.  Under California law,

28  collateral estoppel prohibits the re-litigation of issues decided in a prior proceeding if

5

1    (1) the issue is identical to the one decided in a prior proceeding; (2) the issue was

2    actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior

3    proceeding; (4) the decision in the prior proceeding was final and on the merits; and

4    (5) the party against whom preclusion is sought is the same or is in privity with the party

5    from the prior proceeding. Lucido v. Sup. Ct., 51 Cal. 3d 335, 342 (1990). The party

6    asserting collateral estoppel has the burden of establishing these requirements. Id. The

7    bar applies if the cause of action could have been brought, whether or not it was actually

8    asserted or decided in the first lawsuit. See Samara v. Matar, 8 Cal. App. 5th 796, 803

9    (2017).

10    Here, RHI argues, the state court's decision satisfies the above requirements and

11    therefore the present action is barred. RHI contends that the parties in the two actions

12    are the same, and plaintiff relies on the same set of facts for the present complaint as he

13    did for the state court complaint, and addresses an identical underlying issue in both:

14    whether RHI discriminated against him on the basis of race by not hiring him.

15    RHI contends that the other elements of collateral estoppel are also present. RHI

16    asserts that the issue was actually litigated, as it was raised by the pleadings and

17    determined by the court; that the state court's determination that plaintiff did not present

18    any evidence of racist animus by RHI necessitated the entry of summary judgment in

19    favor of RHI on plaintiff's race discrimination claim; and that the summary judgment

20    decision is considered a final and conclusive determination of the merits.

21    As an alternative to dismissal, RHI asserts, the present action should be stayed, or

22    dismissed without prejudice, pending resolution of the state court appeal, since the

23    doctrine of res judicata will bar this action once the appeal is decided. RHI contends that

24    this matter is appropriate for a stay pursuant to the court's inherent authority.

25    Under California law, res judicata, also known as claim preclusion, prohibits a

26    second lawsuit involving the (1) same controversy (2) between the same parties or their

27    privies (3) so long as the prior lawsuit was a final judgment on the merits. Mycogen Corp.

28    v. Monsanto Co., 28 Cal.4th 888, 896-97 (2002).

6

United States District Court
Northern District of California

1      Here, RHI asserts, the elements of res judicata are met, precluding plaintiff's

2  § 1983 suit.  First, RHI argues, the complaint in the state action and the complaint in the

3  present case involve the same controversy under California law – the right to be free of

4  invidious employment discrimination.  See Acuna v. Regents of the Univ. of Cal., 56 Cal.

5  App. 4th 639, 649 (1997).

6      In California, "primary rights theory" is used to determine whether the controversy

7  in question is the same for res judicata purposes.  See Mycogen, 28 Cal. 4th at 904

8  (citing Crowley v. Katleman, 8 Cal. 4th 666, 681-82 (1994)).  "[I]f two actions involve the

9  same injury to the plaintiff and the same wrong by the same defendant then the same

10  primary right is at stake."  Eichman v. Footmat Corp., 147 Cal. App. 3d 1170, 1174

11  (1983).  RHI argues that the primary right at stake here is the same as in the state action

12  – an individual's right to be free from harm resulting from employment discrimination –

13  and that the controversy is thus the same.

14      Second, RHI contends, the parties to both suits are the same, with Rogers as the

15  only plaintiff and RHI as the only true defendant.  RHI argues that Accountemps is a

16  division of RHI, not a separate legal entity subject to suit.[1]

17      Third, RHI asserts, the state court's decision is considered a "final judgment" on

18  the merits under California law.  RHI points to the court's statement "[d]efendant is

19  entitled to summary judgment pursuant to Code of Civil Procedure section 437c" because

20  plaintiff "[did] not present[] any evidence of racial . . . animus by RHI."  See Def's RJN,

21  Exh. 5, at 2.

22      Additionally, RHI notes, at the time plaintiff filed the state action he had the

23  opportunity to bring a § 1983 claim as well, which he failed to do.  RHI asserts that while

24  plaintiff did not raise a § 1983 claim in the state proceeding, the doctrine of res judicata

25  applies not only to those claims actually litigated in the first action but also to those which

26

27  [1]  Accountemps is named as a defendant in this action, but has not entered an
28  appearance.  The court interprets RHI's reference to Accountemps as "a division of RHI,
not a separate legal entity subject to suit" as a request for dismissal.

United States District Court
Northern District of California

1  might have been litigated as part of that cause of action.

2  RHI concedes that plaintiff filed the notice of appeal of the state court's entry of

3  summary judgment before the state court entered final judgment (citing RJN Exh. 7), but

4  contends that once plaintiff's appeal in the state action is dismissed or resolved, the

5  present action will be barred by the doctrine of res judicata (apparently assuming that the

6  Superior Court will be affirmed on appeal).  Accordingly, RHI asserts, a stay (or a

7  dismissal) is appropriate here.  RHI claims that finding otherwise would result in a waste

8  of judicial and the parties' resources, as plaintiff already had a full and fair opportunity to

9  litigate his claims.

10  Further, RHI contends, there is no prejudice to plaintiff in staying the present

11  action, as he had a full and fair opportunity to litigate his discrimination claim in the state

12  action, and can fully pursue his state court appeal.  On the other hand, RHI argues, it will

13  be significantly prejudiced if a stay is not granted because it will spend unnecessary time

14  and resources relitigating matters already raised and decided in the state action, and may

15  face inconsistent judgments.

16  In opposition, plaintiff asserts that collateral estoppel does not bar the present

17  action because the order granting summary judgment was not a decision on the merits.

18  However, he cites no authority for this proposition.  His only argument is that RHI filed the

19  motion in "an attempt to rid themselves of liability knowing beforehand that all factual

20  elements of the case were not disclosed to the Court and the Judge."  He claims that

21  ruling could not possibly have been on the merits because discoverable information from

22  the EEOC "case file investigation" was missing, and asserts that a reasonable jury could

23  have found for him had this information been provided.[2]

24

25  [2]  Plaintiff also devotes a significant portion of his opposition to various complaints about
how he believes his case was mishandled in the Superior Court – e.g., RHI's motion was

26  "premature," there were numerous "procedural errors," he was not allowed sufficient time
for discovery, etc.  To the extent he is suggesting that in ruling on the present motion, this

27  court should consider the conduct of the Superior Court case, there is – as this court
noted at the hearing – no jurisdiction in federal court to review rulings or other aspects of

28  cases filed in a state court.  See Dubinka v. Judges of Sup. Ct. for State of Cal. for Cnty.
of L.A., 23 F.3d 218, 221 (9th Cir. 1994) (under Rooker-Feldman doctrine, "[f]ederal

8

United States District Court
Northern District of California

1    Plaintiff argues further that this case should be "stayed and remanded to Federal

2    Court" since res judicata cannot bar this action, based on RHI's failure to meet the

3    requirements.  He concedes that this case involves the same parties as the state-court

4    action.[3]  However, as with issue preclusion, he asserts that there was no prior "valid,

5    final" decision on the merits.  He asserts that res judicata "may" bar a second suit if the

6    same claims were dismissed on the merits in the first suit and that decision was not

7    appealed.  He also contends that "[a] stay is appropriate as the [c]ourt should see no

8    competing interests associated with this action."

9    The court finds that the motion to dismiss must be DENIED, and that the motion

10   for a stay must be GRANTED.  Were it not for the fact that there is no judgment in the

11   state court case, the court would grant the motion to dismiss based on collateral

12   estoppel, as RHI has established all the elements with the exception of a "final judgment

13   on the merits."  And were it not for the fact of the pending appeal, which may or may not

14   be dismissed because of the lack of a judgment, the court would also find that the

15   present case is barred by res judicata.

16   Taking the first issue – the lack of a judgment – the court notes that under

17   California Code of Civil Procedure § 901, "[a] judgment or order in a civil action or

18   proceeding may be reviewed as prescribed in this title."  In turn, Code of Civil Procedure

19   § 904.1, which is entitled "Appealable judgments and orders," states that "an appeal,

20   other than in a limited civil case, may be taken from any of the following" – and it lists "a

21   judgment" (with certain limitations not applicable here) and a number of different types of

22   orders, none of which is an order granting summary judgment.  In the absence of a final

23

24   district courts may exercise only original jurisdiction; they may not exercise appellate
     jurisdiction over state court decisions"); see also Noel v. Hall, 341 F.3d 1148, 1158 (9th
25   Cir. 2003) (Rooker-Feldman bars not only direct attempts to appeal a state court's
     decision, but also "de facto" appeals, such as complaints about erroneous legal rulings in
26   state court cases).  Plaintiff opted to file his case in the California Superior Court.  If he is
     unhappy with the outcome, his only recourse is to appeal the decision to the California
27   Court of Appeal.

28   [3]  Indeed, plaintiff conceded at the hearing on the present motion that "[i]t's the same
     case generally."

9

1    judgment, the court cannot find that collateral estoppel applies, and the motion to dismiss

2    must therefore be denied

3         Moreover, it seems clear that the Superior Court's failure to enter a judgment was

4    deliberate.  The court granted RHI's motion for summary judgment on April 21, 2017, but

5    (as RHI's counsel conceded at the hearing on the present motion) did not enter the

6    proposed judgment that had been submitted by RHI in conjunction with its motion.

7    Instead, on May 17, 2017, the court set the matter for a "case management conference

8    for judgment after order granting [RHI's] motion for summary judgment[.]"

9          The court is not persuaded by RHI's argument that the order granting summary

10   judgment was a "final judgment" on the merits under California law.  The case on which

11   RHI relies – Stuart v. Lilves, 210 Cal. App. 3d 1215 (1989) – is readily distinguishable, as

12   it involved a dispute regarding whether a Colorado judgment, inconsistent with an earlier

13   California judgment, should be enforced in California.  The decision clearly indicates that

14   "the [California] court entered judgment in favor of defendant[,]" adding that "[a] judgment

15   entered upon a motion for summary judgment . . . is as final and conclusive a

16   determination of the merits as a judgment after trial."  Id. at 1218-19.  There is no ruling in

17   this decision to the effect that an order granting a motion for summary judgment is, in and

18   of itself, to be viewed as a final judgment.

19         It is true that there is less than universal agreement as to whether an order

20   granting summary judgment in a California court is appealable in the absence of a final

21   judgment.  The weight of authority, however, including the more recent decisions, is that

22   while a summary judgment is appealable, an order granting a motion for summary

23   judgment is not.  See, e.g., Saben, Earlis & Assocs. v. Fillet, 134 Cal. App. 4th 1024,

24   1030 (2005); United Fidelity Life Ins. Co. v. Emert, 49 Cal. App. 4th 941, 944 (1996);

25   Allabach v. Santa Clara Cnty. Fair Ass'n, 46 Cal. App. 4th 1007, 1010 (1996).  "Because

26   an appealable judgment or order is essential to appellate jurisdiction, the parties cannot

27   by any form of consent make a nonappealable order appealable. The court must, on its

28   own motion, dismiss an appeal from such an order."  See 9 Witkin, Cal. Proc. 5th, Appeal

1  § 86 (2017 ed.) (citing cases)

2  On occasion, the California Court of Appeal (notably, not the California Supreme

3  Court) has held that even though no judgment has been entered, an order granting

4  summary judgment (or other "non-appealable order") may be appealable where "judicial

5  expediency" (or "the interests of justice") dictate that the merits of the appeal be reached,

6  or where neither party has objected to the lack of a final judgment. See, e.g., Susag v.

7  City of Lake Forest, 94 Cal. App. 4th 1401, 1407 n.2 (2002); Emert, 49 Cal. App. 4th at

8  944; Francis v. Dun & Bradstreet, Inc., 3 Cal. App. 4th 535, 538 (1992); Nystrom v. First

9  Nat'l Bank of Fresno, 81 Cal. App. 3d 759, 762-63 (1978); Conaway v. Conaway, 218

10  Cal. App. 2d 427, 428 (1963); see also 9 Witkin, Cal. Proc. 5th, Appeal § 87.

11  However, the California Supreme Court has made clear that "[t]he existence of an

12  appealable judgment is a jurisdictional prerequisite to an appeal." Jennings v. Marralle, 8

13  Cal. 4th 121, 126-27 (1994), quoted in Thompson v. Ioane, 11 Cal. App. 5th 1180, 1189

14  (2017). One exception to this principle is a Rule of Court which allows the Court of

15  Appeal to treat a notice of appeal filed after the Superior Court has announced its

16  intended ruling, but before it has rendered judgment, as filed immediately after entry of

17  judgment. See Cal. Rules of Court, Rule 8.104(d)(2). Where an appealable judgment is

18  later entered, the notice of appeal will not be considered premature, and the Court of

19  Appeal will construe the appeal to have been taken from the judgment of dismissal. See

20  Doan v. State Farm Gen'l Ins. Co., 195 Cal. App. 4th 1082, 1090 n.4 (2011), cited in

21  Thompson, 11 Cal. App. 5th at 1189-90. Nevertheless, no such circumstances exist in

22  this case.

23  Taking the second issue, the fact that there is a pending appeal affects the

24  availability of res judicata, and indeed, makes RHI's argument about res judicata

25  premature. In California, claim preclusion prevents relitigation of the same cause of

26  action in a second suit between the same parties or parties in privity with them. DKN, 61

27  Cal. 4th at 823-24. Thus, claim preclusion arises if a second suit involves the same

28  cause of action, between the same parties or parties in privity with them, after a final

United States District Court
Northern District of California

1 judgment on the merits in the first suit.  Id.  If claim preclusion is established, it operates

2 to bar relitigation of the claim altogether.  Id.

3       For res judicata purposes, the judgment sought to be invoked in the bar must be

4 "the last word" of the rendering court – a "final" judgment.  Franklin & Franklin v. 7-Eleven

5 Owners for Fair Franchising, 85 Cal. App. 4th 1168, 1174 (2000) (citation omitted),

6 quoted in Samara, 8 Cal. App. 5th at 805.  Further, the finality required to invoke the

7 preclusive bar of res judicata is not achieved until an appeal from the trial court judgment

8 has been exhausted or the time to appeal has expired.  Id. (citing Producers Dairy

9 Delivery Co. v. Sentry Ins. Co., 41 Cal. 3d 903, 910-11 (1986)).  Thus, in this case, since

10 the appeal of the order granting summary judgment is currently pending, claim preclusion

11 cannot be applied in this case at this point.

12       The other issue is with regard to the "same cause of action" requirement.  The

13 complaint in this action alleges a claim under 42 U.S.C. § 1983 (although it also

14 references Title VII).  A claim of discrimination under Title VII would be considered the

15 "same cause of action" as a claim of discrimination under FEHA, because it involves the

16 same "primary right" to be free from invidious employment discrimination.  See, e.g.,

17 Acuña v. Regents of Univ. of Cal., 56 Cal. App. 4th 639, 649 (1997).  Arguably, a claim of

18 discrimination under § 1983 may also involve the same primary right as a FEHA claim of

19 discrimination in employment.  See Trujillo v. Cnty. of Santa Clara, 775 F.3d 1359, 1366

20 (9th Cir. 1985).

21       Of course, RHI is not a state actor and there are no allegations that it conspired

22 with a state actor, so it could not in any event be a defendant in a § 1983 case involving

23 allegations of discrimination by a private employer.  See Mitchell v. Akal Sec., Inc., 358

24 Fed. Appx. 932, 933 (9th Cir. 2009).  Assuming that the case can be construed as

25 asserting a claim under Title VII, and assuming the Court of Appeal proceeds with the

26 appeal and affirms the Superior Court, then claim preclusion would bar this action.

27 However, at present, it does not.

28       The court finds therefore that a stay of this action is appropriate.  Plaintiff does not

1  argue that he would be harmed by a stay, and indeed, favors staying the case pending

2  resolution of the state court appeal.  See Pltf's Opp. at 11.[4]  RHI, on the other hand, is

3  likely to be prejudiced if a stay is not granted because it will spend unnecessary time and

4  resources relitigating matters already raised and decided in the state action, and may

5  face inconsistent judgments.  Further, the orderly course of justice will be best served by

6  a stay of this action pending resolution of the appeal, given that the Superior Court has

7  conclusively found that plaintiff failed to provide evidence sufficient to rebut RHI's

8  showing that it had a legitimate, non-discriminatory reason for not hiring him.

9  **CONCLUSION**

10  In accordance with the foregoing, the motion to dismiss is DENIED, and the

11  alternative motion to stay is GRANTED.  The court finds further that Accountemps should

12  be DISMISSED from the case.

13  Defendant shall notify the court as soon as the state-court appeal is final,

14  assuming the Court of Appeal finds that the order granting summary was appealable

15  despite the lack of a separate judgment.  At that point, the court will set the case for any

16  further necessary proceedings.

17

18  **IT IS SO ORDERED.**

19  Dated:  October 27, 2017

20  _____

21  PHYLLIS J. HAMILTON
United States District Judge

22

23

24

25

26  4   Plaintiff asserts in his opposition that when his appeal is "complete and overturned," it will "move back to the trial court," at which point he will remand the case to federal court.

27  Pltf's Opp. at 11-12.  As the court explained at the hearing, however, a case cannot be remanded from state court to federal court, but only from federal court to state court, and

28  then only when it was previously improperly removed from state court.  See 28 U.S.C. §§ 1441, 1446, 1447.